IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JESSY POLSON, individually and behalf of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>KENNY MCELWANEY D/B/A MAXIMUM BOOTING CO., WAL-MART STORES, INC., and BRIGHT-MEYERS UNION CITY ASSOCIATES, L.P.<br><br>    Defendants. | )<br>)<br>)  **CIVIL ACTION FILE**<br>)  **NO. _____**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **WALMART INC.'S [1] NOTICE OF REMOVAL**

Defendant Walmart Inc. ("Walmart") hereby removes this action from the State Court of Fulton County, Georgia, to the Atlanta Division of the United States District Court for the Northern District of Georgia in accordance with 28 U.S.C. §§ 1332, 1441, 1446, 1453, and other applicable law. This Court has jurisdiction

---

[1] Plaintiff has improperly named Wal-Mart Stores, Inc. as Defendant. Effective February 2018, Wal-Mart Stores, Inc. legally changed its name to Walmart Inc.

over this action under 28 U.S.C. § 1332(d)(2). As grounds for removal, Walmart respectfully shows the following:

## I. BACKGROUND

1. On June 30, 2017, Plaintiff Jessy Polson filed a Complaint against Kenny McElwaney, d/b/a Maximum Booting Co. ("McElwaney") in the State Court of Fulton County, Case No. 17EV003164 ("State Court Action"). On November 15, 2017, Plaintiff filed the First Amended Complaint ("FAC") against McElwaney in the State Court Action. On March 27, 2018, Plaintiff filed the Second Amended Complaint ("SAC") against McElwaney, Walmart, and Bright Meyers Union City Associates, L.P. in the State Court Action. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Walmart are attached hereto as Exhibit A.

2. Plaintiff alleges that McElwaney booted his vehicle in a Walmart parking lot at 4735 Jonesboro Rd, Union City, GA 30291. He alleges the booting was unauthorized because the lot lacked the signage required under Union City Code of Ordinances, Chapter 10, Article I, § 10-28 ("Booting Ordinance").

3. This Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.      Removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 90(a)(2) because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing the State Court of Fulton County, where the State Court Action was filed.

5.      On May 1, 2018, Walmart was served with the summons and SAC. Walmart has filed this Notice within thirty days of service. This Notice is therefore timely. *See* 28 U.S.C. § 1446(b)(1).

6.      In accordance with 28 U.S.C. § 1446(d), Walmart has filed this Notice with this Court, will serve a copy of this Notice upon all parties, and will file a copy in the State Court of Fulton County, along with a Notice of Filing of Notice of Removal. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.[2]

## II.    THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA.

7.      CAFA grants federal courts diversity jurisdiction over putative class actions that meet certain diversity and amount in controversy requirements. *See* 28 U.S.C. § 1332(d). CAFA provides that a class action against a non-governmental

---

[2] By removing this action, Walmart does not waive, but expressly preserves any defenses with respect to the underlying state court action, including, but not limited to defenses related to venue and/or jurisdiction.

entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), d(5) & 1453(b).[3]  This action satisfies all three requirements and may therefore be removed.

### A.  There Are At Least 100 Putative Class Members.

8.  As stated in the SAC, Plaintiff seeks to represent

   a. All persons who have had a vehicle in their possession booted by or at the request of Defendants and paid fines for removal of said device within the City of Union City from June 15, 2012, through present; and

   b. A subclass of all persons who have had a vehicle in their possession booted by or at the request of Defendants at, or around, 4735 Jonesboro Rd, Union City, GA 30291, and have paid a fine for removal of said device from June 15, 2012, through present (the Polson subclass).

SAC ¶ 25.

9.  The putative class exceeds 100 members because it includes (1) "all people" whose vehicles were booted by or at the request of Defendants, (2) in the entirety of Union City, (3) over a six year period.

---

[3] Class actions removed under CAFA "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

10. As Plaintiff has himself alleged twice since filing this action, "there are *thousands* of Class members." Compl. ¶ 22 (emphasis added); FAC ¶ 22 (emphasis added).[4]

11. In *Bankhead v. Castle Parking Solutions, LLC*, No. 1:17-cv-04085-MLB (N.D. Ga)—a related car booting case already removed to this Court—Plaintiffs similarly alleged that there "were thousands of Class members." ECF No. 1-1 at 10 (¶ 31). Based on this allegation, this Court held that CAFA jurisdiction existed. *See* ECF No. 18 at 7 (holding the "Notice of Removal sufficiently establishe[d] the first requirement under CAFA—that there are 100 or more members in the proposed class—by referencing the Complaint's allegation that 'there are thousands of Class members'").

12. For the same reason, the size of the putative class here creates CAFA jurisdiction.

---

[4] Plaintiff's additional recent allegation—that Defendants have immobilized "*at least* forty (40) vehicles in the City of Union City" and "*at least* forty (40) vehicles at, or around, 4735 Jonesboro Rd, Union City, GA 30291"—is mathematically consistent with his prior allegations. SAC ¶¶ 14, 15 (emphasis added). The Court may take judicial notice of these prior allegations. *See Davis v. Ocwen Loan Servicing, LLC*, No. 1:15-CV-782-TWT, 2015 WL 3988702, at *1 n.1 (N.D. Ga. June 30, 2015) ("The Court may take judicial notice of the previous complaints and court orders . . . because they are matters of public record.").

**B.    Minimum Diversity Exists.**

13.    CAFA requires minimum diversity. At least one named plaintiff must be a citizen of a different state than at least one defendant. 28 U.S.C. § 1332(d)(2)(a).

14.    This case satisfies the minimum diversity requirement.

15.    "Plaintiff Jessy Polson is a citizen and resident of Florida." Compl. ¶ 2.

16.    Walmart is a citizen of Delaware, its state of incorporation, and Arkansas, its principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . .").

**C.    The Amount in Controversy Exceeds $ 5 Million.**

17.    CAFA requires an amount in controversy over $5 million. The "claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

18.    A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," as 28 U.S.C. § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

19. Thus, a notice of removal need cite only Plaintiff's allegations and requested relief to establish the amount in controversy. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he Plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (citation and quotation marks omitted)); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (Easterbook, J.) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

20. Simple calculation of the amount in controversy may be performed by multiplying the alleged loss by a plausible number of class members. *See*, *e.g.*, *Jovine v. Abbott Labs., Inc.*, No. 11-cv-80111, 2011 WL 1337204, at *4 (S.D. Fla. Apr. 7, 2011) (denying a motion to remand after calculating the amount in controversy using simple multiplication); *Senterfitt v. SunTrust Mortg., Inc.*, 385 F. Supp. 2d 1377, 1383, n.8 (S.D. Ga. 2005) (allowing simple multiplication of a possible award to determine aggregate amount in controversy under CAFA); *see also Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 945-46 (8th Cir. 2012) (concluding

that the amount in controversy exceeded CAFA's $5 million requirement by multiplying the average alleged transaction fee by the number of transactions at issue); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision").

21. Finally, attorneys' fees count towards the amount in controversy if "they are allowed for by [the] statute or contract" creating the cause of action. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003).

22. The amount in controversy in this case, exclusive of interests and costs, exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

23. Plaintiff alleges he paid a $500 fee. *See* SAC ¶ 19.

24. He seeks compensatory damages, treble damages, punitive damages, and attorneys' fees. *See Id.* ¶ 74.

25. Plaintiff's requested attorneys' fees count toward the amount in controversy because "they are allowed for by [the Georgia RICO] statute" creating that cause of action. *Federated Mut. Ins. Co.*, 329 F.3d at 808 n.4. The Georgia RICO statute provides that plaintiffs may "recover attorneys' fees in the trial and

appellate courts and costs of investigation and litigation reasonably incurred." O.C.G.A. § 16-14-6.

26. The attorneys' fees could be significant, given the scale and complexity of this putative class action.

27. These attorneys' fees plus the compensatory, treble, and punitive damages—all multiplied by the "thousands" of alleged class members—plausibly exceed the $5 million threshold.

28. For example, even assuming just treble damages of $1500 (and no punitive damages and no attorneys' fees, which Plaintiff also requests), Plaintiff would need only 3,333 class members to meet the $5 million threshold; 3,333 falls comfortably within his estimate of "thousands" of putative class members. Plaintiff satisfies the $5 million threshold, *a fortiori*, because he also seeks punitive damages and attorneys' fees.

### III. CONCLUSION

29. In conclusion, CAFA applies to this action because: (i) Plaintiff alleges at least 100 putative class members; (ii) at least one member of the proposed classes is a citizen of a state different from Walmart's state of incorporation and principal place of business; and (iii) the aggregate amount in controversy exceeds $5 million.

For these reasons, Walmart respectfully requests that this Court assume full jurisdiction over this action as provided by law.

30. Walmart intends no admission of liability by this Notice and expressly reserves all defenses, motions, and pleas, including without limitation objections to the sufficiency of Plaintiff's pleadings and to the proprietary of class certification.

WHEREFORE, Walmart hereby removes this action to this Court for further proceedings according to law.

This 30th day of May, 2018.

>   /s/ Cari K. Dawson
>   Cari K. Dawson
>   Georgia Bar No. 213490
>   Lara Tumeh
>   Georgia Bar No. 850467
>   Alston & Bird LLP
>   1201 West Peachtree Street
>   Atlanta, GA  30309-3424
>   Telephone:  404-881-7000
>   cari.dawson@alston.com
>   lara.tumeh@alston.com
>
>   *Attorneys for Walmart Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, and additionally served counsel of record by depositing copy of same in the United States Mail in an envelope with adequate postage affixed thereon, properly addressed as follows:

Matthew Wetherington
Robert N. Friedman
2860 Piedmont Rd., NE
Atlanta, GA 30305
*Attorneys for Plaintiff*

Brynda Rodriguez Insley
Chris Jackson
The Mayfair Royal, Suite 200
181 14th Street, NE
Atlanta, GA 30309
*Attorneys for Kenny McElwaney*

On this 30th day of May, 2018.

/s/ *Cari K. Dawson*
CARI K. DAWSON
*Attorney for Walmart Inc.*