Case 1:18-cv-02674-TCB   Document 7   Filed 05/30/18   Page 1 of 16

State Court of Fulton County
**E-FILED**
17EV003164
3/27/2018 12:50 PM
LeNora Ponzo, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JESSY POLSON, Individually, and on behalf of a class of similarly situated persons, | |
| Plaintiff, | CIVIL ACTION FILE NUMBER |
| v. | 17EV003164 |
| KENNY MCELWANEY D/B/A MAXIMUM BOOTING CO., WAL-MART STORES, INC., and BRIGHT-MEYERS UNION CITY ASSOCIATES, L.P. | |
| Defendants. | |

## SECOND AMENDED CLASS ACTION COMPLAINT

1.   Defendant Kenny McElwaney d/b/a Maximum Booting Co. ("McElwaney") has a systematic process of disabling vehicles with boots and similar devices without first complying with the City of Union City ordinances requiring certain signage at any location where vehicle immobilization occurs.  As a result, McElwaney has collected an unknown amount of booting fees in an unlawful manner.  All other Defendants own or occupy property at which it has hired, authorized, or otherwise provided material support to entities or individuals that unlawfully immobilize vehicles at this property.  Plaintiff brings this action to recover damages and other available remedies on behalf of himself and a class of persons similarly situated.

I.   PARTIES

2.   Plaintiff Jessy Polson brings this action in his individual capacity, and in the capacity of a class representative on behalf of others similarly situated.  By bringing this action, Plaintiff avails himself of the jurisdiction of this Court.

3.      Defendant McElwaney is an individual doing business as a sole proprietorship under the name "Maximum Booting Co."  McElwaney was lawfully served on July 25, 2017.  Jurisdiction and venue are proper as to Defendant because he is a resident of Fulton County.

4.      Defendant Wal-Mart Stores, Inc. is a corporation registered to business in Georgia.  Wal-Mart Stores, Inc. can be served through its registered agent, C T Corporation System at 289 S Culver St, Lawrenceville, GA 30046.  Jurisdiction and venue are proper as to Wal-Mart Stores, Inc. because it is a joint tortfeasor with one or more Defendants who reside in Fulton County.

5.      Defendant Bright-Meyers Union City Associates, L.P. is a limited partnership registered to business in Georgia.  Bright-Meyers Union City Associates, L.P. can be served through its registered agent, Neil F. Meyers at 5881 Glenridge Drive, Suite 220, Atlanta, GA, 30328.  Jurisdiction and venue are proper as to Bright-Meyers Union City Associates, L.P. because it is a joint tortfeasor with one or more Defendants who reside in Fulton County.

II.   STATEMENT OF FACTS

6.      There is no provision in the Official Code of Georgia Annotated ("O.C.G.A.") which expressly authorizes vehicle immobilization on private property.

7.      The City of Union City authorizes certain types of vehicle immobilization, including booting, by licensed vehicle immobilization services.

8.      Booting is a method of using a mechanical device that is designed or adopted to be attached to a wheel, tire, or part of a parked motor vehicle so as to prohibit the motor vehicle's usual manner of movement or operation:



9.      Once licensed, a vehicle immobilization service operating in Union City may only boot vehicles under the terms proscribed by City of Union City Code of Ordinances, Chapter 10, Article I, § 10-28.

10.     One of the conditions precedent to legally booting a vehicle within the City of Union City is to comply with certain signage requirements as detailed in Union City Code of Ordinances, Chapter 10, Article I, § 10-28.  This ordinance is provided in full here:

> It shall be unlawful for any person or entity to affix a vehicle immobilization device to any vehicle in any off-street parking facility, lot or area located on private property within the city, regardless of whether a charge for parking is assessed, unless the following conditions are met:
>
> (1) Signs shall be located at each designated entrance to the parking facility, lot or area where such a device is to be used indicating that parking prohibitions are in effect. Signs shall be at a minimum of eighteen (18) inches by twenty-four (24) inches and reflective in nature.

[3]

    (2) The wording on such signs shall contain the following information:

        a. A statement that any vehicle parked thereon which is not authorized to be parked in such area may be subject to use of a vehicle immobilization device.

        b. The maximum fee for removal of the device, as provided in subsection (c).

        c. The name, address, and phone number of the person or entity responsible for affixing the device.

        d. A statement that cash, checks, credit cards, and debit cards are accepted for payment.

        e. A statement that no additional fee will be charged for use of cash, checks, credit cards, or debit cards.

        f. The name and address of the entity that hired the vehicle immobilization service or company.

        g. The phone number referenced in subsection (b)(2)c. above must be operable and answered in person during the hours a vehicle immobilization device is affixed to a vehicle within the city.

11. Defendant McElwaney is a licensed vehicle immobilization service operating within the City of Union City.

12. Defendant McElwaney offers booting services to parking lots within the city of Union City.

13. On information and belief, the signs erected at every parking lot wherein Defendants operates do not comply with Union City Code of Ordinances, Chapter 10, Article I, § 10-28.

14. On information and belief, Defendants have immobilized at least forty (40) vehicles in the City of Union City from 2012 through present.

15. On information and belief, Defendants have immobilized at least forty (40) vehicles at, or around, 4735 Jonesboro Rd, Union City, GA 30291 from 2012 through

present.

III.   NAMED PLAINTIFF'S EXPERIENCE

16.   On or about June 15, 2017, Plaintiff parked in a private parking lot located at 4735 Jonesboro Rd, Union City, GA 30291, which is within the territorial limits of the City of Union City.

17.   Plaintiff parked in a parking lot owned by Wal-Mart Stores, Inc.

18.   Defendant McElwaney was hired by the owner of the private property located at 4735 Jonesboro Rd., to install or attach vehicle immobilization devices or boots.

19.   Defendant McElwaney placed a boot on Plaintiff's vehicle and refused to remove it unless Plaintiff paid a **$500.00** fine.

20.   Plaintiff paid Defendant McElwaney $500.00.

21.   An exemplar of the signs erected at the parking lot located at 4735 Jonesboro Rd. is depicted below:



[5]

22. Defendants' violations of Union City Code of Ordinances, Chapter 10, Article I, § 10-28 include, but are not limited to:

 a. The signs do not contain a statement that cash, checks, credit cards, and debit cards are accepted for payment.

 b. The signs do not contain a statement that no additional fee will be charged for use of cash, checks, credit cards, or debit cards.

 c. The sings do not contain the name and address of the entity that hired the vehicle immobilization service or company.

23. Defendants booted Plaintiff's vehicle without legal authority and caused damages to Plaintiff.

24. On information and belief, at all other locations within the City of Union City where Defendants engage in vehicle immobilization, the signs erected by Defendants do not comply with the requirements of Union City Code of Ordinances, Chapter 10, Article I, § 10-28.

IV. CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action as a class action pursuant to O.C.G.A. § 9-11-23, on behalf of himself and the following Classes:

 a. All persons who have had a vehicle in their possession booted by or at the request of Defendants and paid fines for removal of said device within the City of Union City from June 15, 2012, through present; and

 b. A subclass of all persons who have had a vehicle in their possession booted by or at the request of Defendants at, or around, 4735 Jonesboro

Rd, Union City, GA 30291, and have paid a fine for removal of said device from June 15, 2012, through present (the Polson subclass).

26. Excluded from the Classes are Defendants, as well as Defendants' employees, affiliates, officers, and directors, including any individuals who incurred property damage as a result of Defendants' actions, and the Judge presiding over this case. Plaintiff reserves the right to amend the definition of the Classes if discovery and/or further investigation reveal that the Class definitions should be expanded or otherwise modified.

27. **Numerosity / Impracticality of Joinder**: The members of the Classes are so numerous that joinder of all members would be impractical. The members of the Classes are easily and readily identifiable from information and records in Defendants' possession, control, or custody.

28. **Commonality and Predominance**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting the individual members of the Classes. These common legal and factual questions, which exist without regard to the individual circumstances of any Class member, include, but are not limited to, the following:

    a. Whether Defendants engaged in fraudulent business practices with respect to booting vehicles without legal authority throughout Union City;

    b. Whether Defendants engaged in racketeering activity prohibited under O.C.G.A. § 16-14-1, *et seq*.

    c. Whether Defendants engaged in civil theft \ conversion;

    d. Whether Defendants engaged in false imprisonment;

    e. Whether Defendants engaged in making false statements;

f.        Whether Defendants unlawfully disabled Plaintiff and other Class Member's property and refused to return the property; and

g.        Whether Plaintiff and the Classes are entitled to damages.

29.    **Typicality**: Plaintiff's claims are typical of the Classes in that Plaintiff and the Classes have all been booted as a result of Defendants' unlawful activities, and have all sustained damages as a direct proximate result of the same wrongful practices. Plaintiff's claims arise from the same practices and course of conduct that give rise to the Classes' claims.  Plaintiff's claims are based upon the same legal theories as the Classes' claims.

30.    **Adequacy**: Plaintiff will fully and adequately protect the interests of the Classes and has retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation.  Neither the Plaintiff nor their counsel have interests which are contrary to, or conflicting with, those interests of the Classes.

31.    **Superiority**:  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, *inter alia*: it is economically impracticable for members of the Classes to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitious and redundant litigation; and, a class action will enable claims to be handled in an orderly, expeditious manner.

## COUNT 1: NEGLIGENCE

32.    At all times relevant to this Complaint, Defendants owed duties to Plaintiff and other Class Members not to immobilize vehicles without legal authority.

33.     At all times relevant to this Complaint, Defendants owed duties to Plaintiff and other Class Members not to exceed the scope of their booting license in the City of Atlanta.

34.     Defendants breached their duties to Plaintiff by exceeding the scope of their booting license and/or otherwise immobilizing Plaintiff's and other Class Member's vehicles without legal authority.

35.     As a result of Defendants' negligence, Plaintiff and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 2: NEGLIGENCE *PER SE*

36.     Defendants violated the Union City vehicle immobilization ordinance by unlawfully booting Plaintiff and other Class Members' vehicles.

37.     Plaintiff and other Class Members fall within the class of persons intended to be protected by this ordinance.

38.     The Union City vehicle immobilization ordinance is intended to guard against the unlawful activities of Defendants.

39.     Due to Defendants' negligence, Plaintiff and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 3: PREMISES LIABILITY / O.C.G.A. §§ 51-3-1, 51-3-2

40.     As owners and occupiers of the property where Defendants immobilize vehicles, Defendants have a duty of ordinary care not to cause harm to individuals at this property.

41.     By illegally immobilizing vehicles Defendants breached this duty and caused harm to Plaintiff and other Class Members.

42.     As a result of Defendants' breach, Plaintiff and other Class Members have

suffered damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 4: IMPUTED NEGLIGENCE / O.C.G.A. § 51-2-5

43. Defendants hired, authorized, or provided material support to individuals that unlawfully immobilized Plaintiff and other Class Members' vehicles.

44. Defendants are vicariously liable for the negligence of these individuals under O.C.G.A. § 51-2-5.

45. Due to Defendants' negligence, Plaintiff and the other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury.

### COUNT 5: FALSE IMPRISONMENT

46. At all times relevant to this Complaint, Defendants owed duties to Plaintiff and other Class Members not to interfere with the free movement of Plaintiff and other Class Members.

47. In violation of O.C.G.A. § 51-7-20, Defendants knowingly and unlawfully restrained the movements of Plaintiff and other Class Members for varying periods of time.

48. Defendants were acting without legal authority when Defendants restrained the movements of Plaintiff and other Class Members.

49. Plaintiff and other Class Members have incurred damages in an amount to be determined by the enlightened conscience of a jury as a result of Defendants' conduct.

### COUNT 6: CONVERSION / CIVIL THEFT

50. Plaintiff and other Class Members had an ownership interest in funds that were paid to Defendants.

51. Defendants took possession of Plaintiff and other Class Members' funds by

demanding that Plaintiff and other Class Members pay to have a vehicle immobilization device removed.

52. Plaintiff and other Class Members demanded that the vehicle immobilization device be removed free of charge.

53. Defendants refused to release Plaintiff and other Class Members' vehicles without payment.

54. Defendants had no lawful right to immobilize Plaintiff and the other Class Members' vehicles, or to demand payment to remove vehicle immobilization devices.

55. As a result, by requiring Plaintiff and other Class Members to pay to have vehicle immobilization devices removed, Defendants have wrongfully converted Plaintiff and other Class Members' funds, and Plaintiff and other Class Members have sustained damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 7: MONEY HAD AND RECEIVED

56. Because Defendants collected money from Plaintiff and other Class Members to release vehicles unlawfully booted by Defendants, Defendants have received money from Plaintiff and other Class Members that in equity and good conscious Defendants should not be permitted to keep.

57. As a result of Defendants' actions, Plaintiff and the other Class Members have suffered damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 8: VIOLATION OF GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO")

58. Defendant McElwaney, as part of its parking company business, engages in an enterprise of unlawfully immobilizing vehicles for profit.

59. Defendant's conduct subjects him to liability under Georgia's Racketeer

Influenced and Corrupt Organization Act ("RICO"), O.C.G.A. § 16-14-1 *et seq.*, as more fully set out below.

60. Specifically, Defendant, in furtherance of its unlawful vehicle immobilization enterprise, has engaged in a pattern of racketeering activity, including, but not limited to the following:

    a. By forcing Plaintiff and other Class Members to pay to have an unlawfully placed vehicle immobilization device removed, Defendant has engaged in Theft (O.C.G.A. § 16-8-1), Theft by Taking (O.C.G.A. § 16-8-2), Theft by Deception (O.C.G.A. § 16-8-3), Theft by Conversion (O.C.G.A. § 16-8-4), and Theft by Extortion (O.C.G.A. § 16-8-16);

    b. By alleging through signage, notices, and other documents provided to Plaintiff and other Class Members, that Defendant was lawfully permitted to immobilize Plaintiff and other Class Members' vehicles, and lawfully permitted to charge fees for the removal of vehicle immobilization devices, Defendant has engaged in the use of false statements in violation of O.C.G.A. § 16-10-20; and

    c. By unlawfully attaching vehicle immobilization devices to Plaintiff and other Class Members' vehicles, Defendant knowingly and unlawfully restrained the movements of Plaintiff and other Class Members for varying periods of time in violation of O.C.G.A. § 16-5-41.

61. Defendant has also engaged in racketeering activity by extorting money from Plaintiff and other Class Members under the threat of refusing to remove an unlawfully placed vehicle immobilization device.

62.     Defendant's above described racketeering activity is all done in furtherance of Defendant's enterprise of profiting off unlawfully immobilizing vehicles.

63.     Defendant's above described racketeering activity all have the same or similar methods of commission in that they all involve the unlawful use of vehicle immobilization devices, and false or misleading signage and documentation, to force Plaintiff and other Class Members to pay to have unlawfully placed vehicle immobilization devices removed.

64.     Defendant's racketeering activity have the same or similar objective, namely, profiting off the unlawful use of vehicle immobilization devices.

65.     Defendant's racketeering activity have the same or similar victims, namely, Plaintiff and other Class Members who have been forced to pay Defendant to remove a vehicle immobilization device unlawfully placed on Plaintiff and other Class Members' vehicles by Defendant.

66.     Defendant's racketeering activity are otherwise related by distinguishing characteristics including, but not limited to, the involvement and collusion of Defendant and its workers, executives, and officers.

67.     Defendant's racketeering activity is part of a long-term enterprise that has existed, and continues to, exist for over five (5) years, and will continue to exist unless halted by judicial intervention.

68.     As a result of Defendant's racketeering activity, Plaintiff and other Class Members have suffered damages in an amount to be determined by the enlightened conscience of a jury.

## COUNT 9: ATTORNEY'S FEES

69. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff and other Class Members unnecessary trouble and expense.

70. Accordingly, Plaintiff and other Class Members are entitled to recover their expenses of litigation, including their reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

## COUNT 10: PUNITIVE DAMAGES

71. Defendants' conduct was willful, wanton, and reckless and evidences an entire want of care, which raised the presumption of a conscious indifference to the consequences of its actions.

72. As a result of Defendants' willful, wanton, and reckless conduct, Plaintiff and other Class Members are entitled to an award of punitive damages under O.C.G.A. § 51-12-5.1.

V. <u>JURY DEMAND</u>

73. Plaintiff demands a trial by jury for all of his claims and for a determination of all damages.

VI. <u>DAMAGES AND PRAYER FOR RELIEF</u>

74. Plaintiff prays for the following relief:

   a. An order certifying this action as a class action, appointing Plaintiff as class representative and appointing Plaintiff's counsel as lead Class counsel;

   b. All compensatory damages on all applicable claims in an amount to be proven at trial, and, as allowed by law, for such damages to be trebled or

multiplied upon proof of claims under laws allowing for trebling or multiplying of compensatory damages based upon Defendants' violations of law;

c. Punitive damages in an amount to be determined at trial;

d. Attorney fees for stubborn litigiousness pursuant to O.C.G.A. § 13-6-11; and,

e. All other and further relief the Court deems appropriate and just under the circumstances.

This 27th day of March 2018.

**WERNER WETHERINGTON, P.C.**

2860 Piedmont Rd., NE
Atlanta, GA 30305
404-793-1693
matt@wernerlaw.com
robert@wernerlaw.com

*/s/ Matt Wetherington*
MATTHEW Q. WETHERINGTON
Georgia Bar No. 339639
ROBERT N. FRIEDMAN
Georgia Bar No. 945494

## CERTIFICATE OF SERVICE

COMES NOW, Plaintiff, by and through the undersigned Counsel, and hereby file this Certificate with the Court as required by Uniform Superior Court Rule 5.2. This is to certify that on this day I have served opposing counsel herein with a copy of **SECOND AMENDED CLASS ACTION COMPLAINT** by electronic transmission via Odyssey File & Serve:

| | |
|---|---|
| Jason S. Bell, Esq.<br>SMITH, GAMBRELL & RUSSELL, LLP<br>1230 Peachtree Street, NE<br>Atlanta, GA 30309 | Brynda Rodriguez Insley, Esq.<br>Kenneth J. Bentley, Esq.<br>INSLEY AND RACE, LLC<br>The Mayfair Royal, Suite 200<br>181 14th Street, NE<br>Atlanta, GA 30309 |

This 27th day of March 2018.

**WERNER WETHERINGTON, P.C.**

2860 Piedmont Rd., NE
Atlanta, GA 30305
404-793-1693
matt@wernerlaw.com
robert@wernerlaw.com

*/s/ Matt Wetherington*
MATTHEW Q. WETHERINGTON
Georgia Bar No. 339639
ROBERT N. FRIEDMAN
Georgia Bar No. 945494