IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY POLSON, Individually, and on behalf of a class of similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>KENNY MCELWANEY d/b/a MAXIMUM BOOTING CO., et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:18-cv-2674-TCB |

**O R D E R**

This case comes before the Court on Plaintiff Jerry Polson's motion [16] to remand to state court.

### I.   Background

On June 15, 2017, Plaintiff Jerry Polson parked his truck in a lot owned by Defendant Walmart Stores, Inc. located at 4735 Jonesboro

Road in Union City, Georgia. While parked there, a boot[1] was placed on his vehicle by Defendant Kenny McElwaney d/b/a Maximum Booting Co., whom Walmart hired to boot vehicles illegally parked on its property. McElwaney refused to remove the boot until Polson paid him $500.

Polson alleges that McElwaney systemically immobilizes or boots vehicles without complying with Union City signage requirements at the site where vehicle immobilization occurs. He seeks to form a class of all people whose vehicles were booted by McElwaney at the Walmart parking lot, and other lots throughout Union City, where McElwaney and other unidentified parking lot owners allegedly did not comply with the Union City signage requirements. Polson claims that the class comprises at least forty individuals. He does not allege a specific amount of damages.

Polson filed this class action suit against McElwaney in the State Court of Fulton County, which Walmart removed to this Court. In its

---

[1] A boot or "booting" is a method of using a mechanical device that is designed or adopted to be attached to a wheel, tire, or part of a parked motor vehicle so as to immobilize the vehicle.

notice of removal, Walmart asserts that this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

On June 7, 2018, Polson filed his motion [16] to remand the case to the State Court of Fulton County, arguing that Walmart has failed to show by a preponderance of the evidence that the amount in controversy is sufficient to invoke diversity of citizenship jurisdiction pursuant to CAFA, and that Walmart has failed to show any other basis for federal court jurisdiction.

## II. Discussion

A defendant may remove a case from state to federal court only if the federal court would have original subject-matter jurisdiction over the action. 28 U.S.C. § 1441. CAFA grants federal district courts jurisdiction over class actions where "(1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." S.

*Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see* 28 U.S.C. § 1332(d)(2), (5)–(6).

When the jurisdictional requirements supporting removal are in dispute, as here, the district court must find "'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(c)(2)(b))).

"[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.* at 912 (quoting *Dart*, 135 S. Ct. at 554). Accordingly, unlike the usual removal situation, *see Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), there is no presumption in favor of remand in deciding CAFA jurisdiction questions.

Initially, the Court notes that Polson's second amended complaint [7] is the governing pleading. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("As a matter of law, the second amended complaint filed by [Plaintiff] 'supersede[d] the former pleading[s] . . . .'"

(some alterations in original) (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006))). Therefore, any evidence or argument based on Polson's original or first amended complaint are not relevant and will not be considered.

Walmart asserts that the allegations in Polson's second amended complaint, coupled with an affidavit from McElwaney, suffice to meet the CAFA jurisdictional requirements.[2]

McElwaney estimates that he has booted approximately two thousand vehicles in Union City since January 2014. Walmart argues that this affidavit meets its burden to demonstrate that the putative class size is greater than one hundred. However, including all booted (as opposed to all improperly booted) vehicles does not meet the necessary pleading requirement. *See Dudley*, 778 F.3d at 916 (holding that removing party could not rely on all employees instead of only the employees who were withheld incentive payments to establish putative

---

[2] It is undisputed that minimal diversity exists and that a common question of law is present.

class size). Walmart has thus failed to demonstrate the proposed class comprises greater than one hundred members.

Even if this were not the case, Walmart has fallen short of its burden to prove by preponderance that the amount in controversy exceeds $5,000,000. Walmart argues that Polson has requested four different types of relief, which should be aggregated when determining the amount in controversy.

First, Walmart addresses the compensatory relief requested by Polson, which would cover any booting fees paid by putative class members. McElwaney asserts that he has collected an estimated one million dollars in booting fees in Union City during the class period. Walmart concludes that this means $500 per vehicle was charged in booting fees ($1,000,000 divided by 2,000 vehicles equals $500 per vehicle) and argues that a reasonable jury could award two thousand dollars in additional compensatory damages for loss of use of vehicle and emotional distress per class member. Walmart therefore concludes that at twenty-five hundred dollars in compensatory damages per class

member, a putative class of two thousand members could produce at least $5,000,000 in compensatory damages alone.

However, the Union City ordinance in the record provides that McElwaney can only charge commercial vehicles a $500 immobilization fee, and must charge a maximum fee of $150 for non-commercial vehicles. Nothing in the record demonstrates that McElwaney boots only commercial vehicles. And Polson has not averred, nor has McElwaney or Walmart admitted, that the systemic ordinance violations include charging $500 for *all* vehicles, rather than just commercial vehicles. Accordingly, Walmart has not proved by a preponderance of evidence that the compensatory damages exceed $5,000,000.

Polson also requests punitive damages, which the Court does consider in determining the amount in controversy. *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). However, when calculating what these punitive damages might be, Walmart simply cites to damages awarded in other unrelated tort cases. Evidence regarding the value of purportedly similar tort claims is insufficient to

establish jurisdiction. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220–21 (11th Cir. 2007). Therefore, this evidence is also insufficient to establish the jurisdictional amount.

Although Walmart has explained how the jurisdictional minimum could possibly be reached, it has failed to show, by a preponderance of the evidence, that the jurisdictional minimum under CAFA in this case has been reached. Thus, the case must return to state court.[3]

### III.  Conclusion

Polson's motion [16] to remand the case is granted, and this case is remanded to the State Court of Fulton County, Georgia.

IT IS SO ORDERED this 8th day of August, 2018.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

---

[3] McElwaney's motions [2] and [21], Walmart's motion [12], Defendant Bright-Myers Union City Associates, L.P.'s motion [13], and Polson's motion [5] are all denied without prejudice for lack of subject-matter jurisdiction.